**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SHAOPING WANG,<br><br>　　　　　　Petitioner,<br><br>　v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>　　　　　　Respondent. | No. 09-72452<br><br>Agency No. A099-044-503<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 30, 2013[**]
Pasadena, California

Before: O'SCANNLAIN and BEA, Circuit Judges, and NAVARRO, District Judge.[***]

Petitioner Shaoping Wang, a native and citizen of China, applied for

withholding of removal and relief under the Convention Against Torture on the

---

[*]　　This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]　　The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]　　The Honorable Gloria M. Navarro, District Judge for the U.S. District Court for the District of Nevada, sitting by designation.

ground that his participation in an underground Christian church caused Chinese authorities to seek his arrest. The Immigration Judge (IJ) denied Wang's application, and the Board of Immigration Appeals affirmed. Wang asks that we grant his petition for review.

We review credibility findings for substantial evidence. An adverse credibility determination is "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *Rizk v. Holder*, 629 F.3d 1083, 1087 (9th Cir. 2011).

In this case, the IJ based his determination on inconsistencies in Wang's testimony regarding: (1) a written notification allegedly given to Wang's wife by the Chinese police, and (2) the date the Chinese police last visited Wang's house. He also relied on the demeanor and responsiveness of Wang's testimony. These were appropriate considerations for a credibility determination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii).

Because the record supports the finding of inconsistent and evasive testimony, we cannot disturb the adverse credibility finding. Without credible testimony, Wang failed to meet his burdens of proof.

**PETITION DENIED**